## THE PEOPLE *v.* MARIANI ET AL.

### APPEAL from the District Court of Guayama.

No. 168.—Decided June 9, 1909.

CRIMINAL LAW—LOTTERY.—The game or lottery to which sections 291 and 298, both inclusive, refer, is a plan for the distribution of prizes by chance, which is periodically announced, leaves a certain percentage of the value of the tickets in favor of the corporation, company or private individual who establishes it, the drawing is held on a definite date, fixed in advance, and the numbers drawing prizes are published in lists which are circulated for the information of the players.

ID.—LOTTO—LOTTERY WITH CARDS.—Lotto is a game played with disks and cards. Each disk has one number on it, and each card several number in lines. The disks are drawn from a bag, the number on each is called, and the corresponding number on one of the cards covered. That player who first covers all the numbers on one line wins the game. This game is not prohibited by our statutes.

The facts are stated in the opinion.

*Mr. José C. Ramos* for appellants.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in the municipal court of Guayama upon a sworn complaint charging the defendants with the crime defined in section 291 of the Penal Code, because they were wilfully and maliciously playing lottery with cards in the form of a raffle for money.

The municipal court sentenced them; they took an appeal to the district court which held a trial, and, in view of the provisions of section 291 of the Penal Code, found them guilty of violating section 292, and on October 1, 1908, sentenced each of the defendants to pay a fine of $2 and to be imprisoned for two days in the ordinary district jail, with allowance for the provisional imprisonment they might have suffered.

They also took an appeal from this judgment.

The record contains a bill of exceptions formulated by counsel for the defendants and approved by the judge, from which bill it appears that he had sought to introduce the testi-

mony of witnesses for the defense to show that the game of "keno" denounced was of a purely private character because only members of the family and some neighbors were playing. The *fiscal* objected to the admission of such evidence, the judge held it to be irrelevant, and the defense took an exception to this ruling of the court.

Counsel for the defense in his brief in this court maintains that his clients were deprived of their only means of defense, and on this ground prayed for the reversal of the judgment appealed from and the acquittal of the defendants, on the assumption that if the evidence rejected had been admitted it would have proved that the game of "keno" was a private one, in the family and then such act was not punishable as maintained by some authorities which he cites in his brief.

The *fiscal* opposed this petition.

The appellants were denounced for violating the provisions of section 291 of the Penal Code—that is to say, for playing lottery—and were sentenced under this complaint.

But the game of lottery to which sections 291 to 298, both inclusive, refer, is a plan for the distribution of prizes by chance, as Bouvier says in his Dictionary, volume two, page 281. This class of lottery which is periodically announced leaves a certain percentage of the value of the tickets in favor of the corporation, company or private individual who establishes it, the drawing is held on a definite date fixed in advance and the numbers drawing prizes are published in lists which are circulated for the information of the players. This is the lottery forbidden by our statutes.

But the defendants, according to the complaint itself, were not playing nor could they have been playing this forbidden game of lottery with the things at their command at the time.

It appears that they were playing a game which is generally and ordinarily called in the country a lottery, but which does not partake of the essential nature of the game to which we have made reference.

They were surely playing lotto which "is a game played with disks and cards. Each disk has one number on it, and each card several numbers in lines. The disks are drawn from a bag, the number on each is called, and the corresponding number on one of the cards covered. That player who first covers all the numbers on one line wins the game." (Century Dictionary, Vol. IV., p. 3524.)

If therefore, the defendants were not playing prohibited lottery with which they were charged and for which they were punished, a material error has been committed which this Supreme Court must correct on appeal.

Under the circumstances there is no need to consider the exception taken by the defense inasmuch as the end sought is reached by another road.

Therefore, the judgment appealed from should be reversed because the defendants were not playing the prohibited lottery defined in section 291 of the Penal Code as charged in the complaint.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.